PER CURIAM.
Petitioner William J. Dorman has filed with this Court a petition for writ of ha-beas corpus and the Respondent State of Florida has filed its return. Because it appears therefrom that Petitioner has presented a prima facie showing that he is being illegally detained which is not conclusively refuted by the State’s return, we are exercising our discretionary jurisdiction over the cause.
Petitioner was arrested and charged with three counts of “committing the abominable and detestable crime against nature with a child.” Before trial he changed his not guilty plea to one of guilty, and the trial court sentenced him to thirty years in the Florida State Prison. Through his petition for writ of habeas corpus, he challenges the constitutionality of this plea. Petitioner alleges that he entered the guilty plea only after his own attorney, as well as the State Attorney, informed him that if he pled guilty he would be ordered hospitalized for not more than one year in a state mental institution rather than being imprisoned for a long term of years. On the basis of that promise, he says he changed his plea. In its return, the State merely says that the question of the voluntariness of Petitioner’s guilty plea has already been resolved adversely to him by the United States District Court, Middle District of Florida, in an order entered July 14, 1966. This order is not binding on this Court. Furthermore the Federal Court order does not appear to be an evi-dentiary determination of the specific issues presented in the instant case.
Prima facie there seem to be two major defects in the trial court’s handling of this case which are not satisfactorily resolved by the case record or by the State’s return to the writ, necessitating an eviden-tiary hearing. First, it does not appear from the record that the guilty plea was voluntarily entered in accordance with the rules set forth by this Court in Brown v. State, Fla.1971, 245 So.2d 41, and Costello v. State, Fla. 1972, 260 So.2d 198. Second, there is nothing in the record to indicate the trial court considered Chapter 917, *209 Florida Statutes, F.S.A., entitled “Mentally Disordered Sex Offenders,” before sentencing Petitioner to prison. The record before us indicates circumstances suggestive of the fact there was substantial doubt as to Petitioner’s sanity at the time of his trial and that under such circumstances the trial court should have made inquiry under-Chapter 917 into Petitioner’s sanity. Compare Hobbs v. Cochran, Fla.1962, 143 So.2d 481, text 483.
Because there is not sufficient information in the record before this Court to allow us to decide whether Petitioner is in fact illegally detained at this time, we appoint Circuit Judge Ernest E. Mason, First Judicial Circuit of Florida, as commissioner for the purpose of holding an evidentiary hearing to determine whether there is any substantial basis for Petitioner’s claim that he was misled into pleading guilty by promises from his attorney and the State Attorney, and whether a F.S. Chapter 917, F.S.A. proceeding, rather than a criminal trial, was appropriate under the exceptional circumstances appearing in this case. Such evidentiary hearings resolving serious factual issues of this kind are employed by Federal courts in appropriate cases in reviewing certain habeas corpus applications (Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Bell, State Courts and the Federal System, 21 Vand.L.Rev. 949 [1968]), and this procedure has been strongly recommended to state courts (Hopkins, Federal Habeas Corpus: Easing the Tension Between State and Federal Courts, 44 St. John’s L.Rev. 660, 672 [1970]).
Accordingly, we appoint Circuit Judge Ernest E. Mason as Commissioner for the purpose of determining factually (1) whether Petitioner’s plea was voluntary, and (2) whether the trial court should have inquired into the question of Petitioner’s sanity, as provided in F.S. Chapter 917, F.S.A. Judge Mason shall present this Court with his findings of fact and recommendations.
It is so ordered.
ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.
CARLTON, J., concurs in conclusion reached.
ROBERTS, C. J., dissents.
ADKINS, J., dissents with opinion.