RYDER, Judge.
Appellant Cook was convicted and sentenced for the crimes of kidnaping, sexual battery and aggravated assault. He contends that the trial court erred in refusing to hold a hearing pursuant to Section 917.-18, Florida Statutes (1977) after it had previously entered an order finding probable cause to believe appellant to be a mentally disordered sex offender and providing for his examination by two psychiatrists. We agree and reverse.
After appellant was charged with the aforementioned crimes, he pleaded nolo con-tendere to all counts pursuant to a stipulation with the state wherein both parties agreed to request the court to hold a hearing to determine whether the appellant was a mentally disordered sex offender.
The court then entered an order finding that there was probable cause to believe the appellant to be a mentally disordered sex offender. In the order the trial judge provided that the appellant would be examined by two psychiatrists. However, after reviewing the reports of the examining physicians the judge refused to hold a hearing as required by Section 917.18 and sentenced appellant thereafter.
Section 917.18 provides in part:
Procedure for hearing. — The court shall hold a hearing to determine whether the defendant is a mentally disordered sex offender. . . . (Emphasis added.)
When the process for committing appellant under Chapter 917 was initiated by the trial court, its action amounted to certifying the appellant for a hearing pursuant to Section 917.14(1), Florida Statutes (1977).
Although in certain cases certifying a defendant for hearing to determine whether he is a mentally disordered sex offender is permissive, once a person has been so certified, then the language of Section 917.-18 is mandatory. See Dorman v. State, 279 So.2d 854 (Fla.1973); Hobbs v. Cochran, 143 So.2d 481 (Fla.1962).
As this was not accomplished here we feel that error was committed and thus we reverse and remand for proceedings not inconsistent with this opinion.
OTT, A. C. J., and DANAHY, J., concur.