377 So.2d 692 (1979)
James Dupree HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 58126.
Supreme Court of Florida.
November 27, 1979.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Chief Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a denial of James Dupree Henry's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Henry raised, and now seeks review of, twenty issues relating to his trial and original appeal.
The circuit court judge ruled that, except for the issue of ineffective assistance of counsel, all the issues either were raised or should have been raised on direct appeal. As to all but one of these rulings, the trial court properly determined that the matters presented may not be attacked in a proceeding for post-conviction relief. Sullivan v. State, 372 So.2d 938 (Fla. 1979). The one issue which was improperly ruled to be foreclosed was Henry's contention that the death penalty is unconstitutionally applied in Florida because it "is imposed in an arbitrary, capricious and irrational manner in Florida based on geography [namely Orange County, Florida], poverty, and other arbitrary factors." This contention can properly be raised as a subject for consideration in a proceeding for post-conviction relief. We hold, however, that the trial court's refusal to conduct a hearing or grant other relief on this issue was proper under the circumstances. The hypothetical, unsupported argument of counsel has been rejected as a legal basis for relief in Spinkellink v. Wainwright, 578 F.2d 582, 613-14 *693 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979), and no preliminary factual basis for the contention was presented to the trial judge in this case.
The circuit court held an evidentiary hearing on the issue of ineffective assistance of counsel and concluded that the evidence and argument presented to support the assertion lacked merit. Having reviewed that evidence and those arguments, we conclude that the trial court correctly rejected Henry's assertion.
Accordingly, the order of the trial court denying Henry's 3.850 motion is affirmed, and Henry's motion for stay of execution is denied.
Due to the exigencies of this case, we dispense with rehearing.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.