686 F.2d 311
 James Dupree HENRY, Petitioner-Appellee-Cross-Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections,
Respondent-Appellant-Cross-Appellee.
 No. 80-5184.
 United States Court of Appeals,
Fifth Circuit.
 Unit B*
Sept. 20, 1982.
 
 Wallace E. Allbritton, Charles A. Stampelos, Asst. Attys. Gen., Tallahassee, Fla., for respondent-appellant-cross-appellee.
 Craig S. Barnard, Chief Asst. Public Defender, West Palm Beach, Fla., for petitioner-appellee-cross-appellant.
 Appeals from the United States District Court for the Middle District of Florida.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before HILL, Circuit Judge, SMITH**, and HENDERSON, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 This case was decided by this panel sitting as the United States Court of Appeals for the Fifth Circuit (Unit B) in an opinion and judgment dated November 12, 1981, and reported at 661 F.2d 56. The Supreme Court --- U.S. ----, 102 S.Ct. 2922, 73 L.Ed.2d ---- vacated the circuit court judgment and remanded the case to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of Engle v. Isaac, --- U.S. ----, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Finding that Isaac does not lead to a different result in this case, we reinstate the prior judgment. Nevertheless, some elaboration is necessary.
 
 
 2
 * In Isaac, the Supreme Court reaffirmed its holding in Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), that failure to comply with a state procedural rule, such as a contemporaneous objection rule, bars federal habeas review of alleged constitutional error absent a showing of cause for noncompliance and actual prejudice. --- U.S. at ----, 102 S.Ct. at 1572. Isaac further held "that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial," id. at ----, 102 S.Ct. at 1572, and that alleged unawareness of a constitutional claim at the time of the trial does not constitute cause where "the tools to construct" the constitutional claim were available, id. at ----, 102 S.Ct. at 1574.
 
 
 3
 Isaac involved a situation where there had been no objection to the allegedly erroneous instruction at trial. While the Supreme Court was uncertain whether the Ohio appeals courts reviewing Isaac's claim had been presented with the constitutional attack, --- U.S. at ---- n.27, 102 S.Ct. at 1570 n.27, it observed that the Ohio Supreme Court had enforced a procedural bar in other cases "against the very due process argument raised" in Isaac. Id. at ----, 102 S.Ct. at 1570. The Court believed that if the state courts had been presented with the constitutional issue, they had determined "that the claim was waived." --- U.S. at ---- n.27, 102 S.Ct. at 1570 n.27. The Court thus dealt with a constitutional claim that had been "forfeited before the state courts." --- U.S. at ----, 102 S.Ct. at 1570.
 
 
 4
 In this case, Henry has asserted that the state trial court committed an error of constitutional dimension at Henry's sentencing hearing by admitting evidence of and permitting jury consideration of nonstatutory aggravating circumstances. We agreed and affirmed the district court's judgment vacating Henry's death sentence. 661 F.2d at 58-61. In contrast to Isaac we did not deal with a claim that was forfeited before the state courts. Because our earlier opinion may not have made that entirely clear and since we have had the opportunity to reconsider the Sykes problem in light of Isaac, we shall review the grounds supporting the conclusion that Henry's claim was properly presented for federal habeas review.
 
 II
 
 5
 Appellant Wainwright has urged that no allegation of error pertaining to the trial judge's instruction was made on Henry's direct appeal to the Florida Supreme Court, that the court refused to excuse that default when it later considered Henry's appeal from a state court order denying post-conviction relief, and that federal habeas review of the instruction is improper. We disagree, finding that Henry presented to the state appeals courts his constitutional attack on the jury's consideration of nonstatutory aggravating circumstances.
 
 
 6
 First, we observe that the opinion reflecting the Florida Supreme Court's collateral review of Henry's conviction does not state that Henry failed to raise the aggravating circumstances issue in his direct appeal. The court noted that the state circuit judge had ruled that all issues save one "either were raised or should have been raised on direct appeal."[1] 377 So.2d 692 (Fla.1979). It held, "as to all but one of these rulings, the trial court properly determined that the matters presented may not be attacked in a proceeding for post-conviction relief." Id. The issue Henry raises here was not one of the two issues that were subject to collateral review. There was, however, no other discussion of the issues which the court found were raised, or should have been raised, on direct appeal.
 
 
 7
 The Florida Supreme Court's opinion in Henry's direct appeal does not list or describe any of the errors Henry asserted. Thus neither the direct appeal opinion nor the collateral review opinion supports the inference that Henry defaulted by failing to present the issue in question to the state courts.
 
 
 8
 Our conclusion that the issue was presented is based upon arguments from Henry's brief on direct appeal to the Florida Supreme Court. The appellant does not dispute Henry's assertion that point IV of Henry's brief "challenged the admission and consideration of non-statutory aggravating factors, inter alia, on the grounds that the strict guidelines of the statute must be followed 'to conform to the constitutional mandates of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), limiting arbitrariness and abuse of discretion in the sentencing procedure ....' " Petitioner-Appellee's Memorandum of Law on Remand at 9. On Petition for Rehearing, Henry again argued to the Florida Supreme Court that a death sentence imposed pursuant to the trial court's interpretation of Florida's statutory scheme would be unconstitutional. Id.
 
 
 9
 Whether Henry's constitutional claim may be dealt with on the merits on federal habeas review thus depends upon how the state appeals courts dealt with the issue. If Florida dealt with the merits of Henry's objection, whether or not there was a procedural default at trial under state law, then a federal habeas court must also determine the merits of the claim. Lefkowitz v. Newsome, 420 U.S. 283, 292 n.9, 95 S.Ct. 886, 891 n.9, 43 L.Ed.2d 196 (1975); Ratcliff v. Estelle, 597 F.2d 474, 478 (5th Cir.), cert. denied, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979). If the state courts found the issue barred because of procedural default, then federal habeas review is precluded absent a showing of cause and prejudice. Isaac, --- U.S. at ----, 102 S.Ct. at 1572; Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
 
 III
 
 10
 On Henry's direct appeal, the Florida Supreme Court concluded that "no reversible error is made to appear ...." 328 So.2d 430 at 432. This language suggests that it dealt with Henry's claim on the merits. Cf. Clark v. Blackburn, 632 F.2d 531, 533 n.1 (5th Cir. 1980) ("In affirming the state trial court's denial of a habeas relief, the Louisiana Supreme Court did not rely on the contemporaneous objection rule but denied the writ because no showing had been made sufficient to 'warrant a finding that the trial judge's ruling was in error.' " (quoting State ex rel Clark v. Maggio, 347 So.2d 260 (La.1977))). We might hesitate to rely on that language alone to conclude that the merits were reached, but we find that two alternative lines of reasoning reinforce such a conclusion.[2]
 
 IV
 
 11
 The first thing leading us to believe that Florida must have reached the merits of Henry's argument is that, contrary to the appellant's assertions, there appears to have been no procedural default at trial. Everyone agrees, as the record abundantly shows, that petitioner's counsel, when presented with certain evidence of Henry's conduct, objected at the first opportunity on the grounds that the testimony constituted a nonstatutory aggravating factor and was thus unlawful. All the parties agree that the trial judge overruled that objection, holding that circumstances not specified by the capital sentencing statute, as well as those listed therein, could be considered by the jury. The state argues that procedural default occurred when counsel failed to belabor the point by restating his contentions when the trial judge, in keeping with his earlier ruling, instructed the jury to consider "all factors which are aggravating including, but not limited to," those enumerated in the statute. We do not view the failure of trial counsel to belabor a point once raised and clearly lost as a procedural default under Florida law.[3]
 
 
 12
 State court proceedings in this very case confirm our beliefs. The state trial judge in the post-conviction review ruled that Henry's counsel was not deficient in failing to object to the instruction because he had already objected on that point of law:
 
 
 13
 (T)he defense attorney had objected to the evidence of non-statutory aggravating circumstances being presented to the jury and the objection was overruled. Since the trial judge had ruled on this point, no further objection was required.
 
 
 14
 This holding was affirmed by the Supreme Court of Florida. 377 So.2d at 693.
 
 V
 
 15
 Even if there were a procedural default at trial in that counsel did not belabor the point by objecting to the jury instruction, we find that the state courts must have excused the default in order to reach the merits. This would have been consistent with established state law; in death cases, the Florida Supreme Court exercises a special scope of review enabling them to excuse procedural defaults. Elledge v. State, 346 So.2d 998, 1002 (Fla.1977) ("Admittedly the testimony ... was not objected to by appellant's trial counsel, but that should not be conclusive of the special scope of review by this court in death cases."). In the situation presented here, where the state courts' opinions do not make it clear that a point is not passed upon due to failure to preserve it by timely objection, the state must be presumed to have applied its own rules to reach and reject the claim on the merits.[4]
 
 VI
 
 16
 We conclude that there is no support under Florida law or the history of this litigation for the inference that Henry's constitutional claim was decided and rejected on procedural grounds rather than on the merits. The issue is, therefore, properly before this court. We adhere to our earlier judgment that the state trial court committed constitutional error by allowing the non-statutory aggravating circumstances to be placed before and considered by the jury at Henry's sentencing hearing. 661 F.2d at 60. Because of that error, Henry's sentence must be vacated. Accordingly, the judgment of the district court is
 
 
 17
 AFFIRMED.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452-October 14, 1980
 
 
 **
 Honorable Edward S. Smith, Judge for the U. S. Court of Claims, sitting by designation
 
 
 [1]
 Florida provides limited collateral review of convictions; prisoners may not raise claims that were or could have been litigated on direct appeal
 
 
 [2]
 These grounds are set forth in our previous opinion but our reasoning was not fully explained there
 
 
 [3]
 In concluding in our previous opinion that Henry's objection at trial was sufficient, we found that "any further objection to the jury instructions permitting consideration of nonstatutory aggravating factors would have been futile." 661 F.2d at 58. The futility of further objection by Henry was the standard by which procedural defaults could be assessed under Florida law. See Brown v. State, 206 So.2d 377 (Fla.1968). We were not stating that futility would constitute cause for a failure to object at trial under the Sykes cause and prejudice test, thus Isaac does not affect our analysis on that point
 
 
 [4]
 Otherwise, federal habeas review would unjustly be denied a prisoner who has no way of proving that the state courts did consider the merits of his claim. This presumption does not unduly infringe upon the comity considerations underlying Sykes and Isaac, for all a state must do to preclude federal examination of an alleged error, contrary to state procedural rules, is to indicate that it has found the claim to be procedurally barred
 The appellant asserts that we have circumvented Sykes and Isaac by finding that, in a completely unrelated case, Florida excused state procedural default. To the contrary, we do not mean to suggest that past excuse of a default in another case allows a federal court to excuse a default in a case where the state courts have not. Instead, we have looked to Florida law to determine what the state courts have done in the case before us. This is a necessary, accepted analysis in habeas cases. See, e.g., County Court v. Allen, 442 U.S. 140, 149-51, 99 S.Ct. 2213, 2220-22, 60 L.Ed.2d 777 (1979).