328 So.2d 430 (1976)
James Dupree HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 46105.
Supreme Court of Florida.
February 25, 1976.
Rehearing Denied April 21, 1976.
Richard L. Jorandby, Public Defender, and Richard Lubin and Martin H. Colin, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen.; and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
Having been transferred to this Court by the District Court of Appeal, Fourth District, this cause is before us on direct appeal from a conviction of murder in the first degree and a sentence of death imposed on appellant by the Circuit Court in and for Orange County, Florida. We have jurisdiction pursuant to Article V, Section 3(b)(1), Constitution of Florida (1973).
Appellant was indicted for murder in the first degree in that he did with premeditated design kill and murder Z.L. Riley by suffocating him with a gag, and was found guilty. The majority of the jury recommended that the death penalty be imposed and the trial judge, having considered the mitigating and aggravating circumstances, sentenced appellant to death.
The victim was found in the bedroom of his home bound and gagged with his throat cut. Two double edge razor blades were lying near his body covered with dried blood. The pockets of the deceased's pants were turned inside out, but no wallet, money or personal effects were found. Appellant's thumb print was found in the victim's bedroom. In performing an autopsy on the body of the deceased, Dr. Hegert found extensive head and facial wounds, including two fractures of the jaw and mild to moderate brain hemorrhaging caused by "blunt force," cuts on the hands, *431 two deep cuts four and five inches long and several more cuts about the neck consistent with the use of a razor blade. The doctor determined that the actual cause of death was a gag placed tighly under the tongue of the deceased so as to force the tongue back into the throat, cutting off the airway and suffocating the victim.
At the time of the murder, appellant lived next door to the victim. When Officer Ferguson went to arrest appellant at his residence, several days after the murder appellant jumped Ferguson, took his gun, shot Ferguson twice and then fled. He was found an hour later hiding behind a dryer machine, arrested, taken to the Orlando Police Station and advised of his rights. Before interrogation, he was fully advised of his rights, he signed a waiver card, and he advised the officers that he would talk to them. During the course of this interrogation, he confessed that he had killed the deceased, and gave the officers full details of the murder. The officers present testified that no promises or threats were made, and that appellant was not offered any hope of leniency or other reward to induce his statements.
Four days before the trial, he filed a motion to suppress his confession. Before trial, the trial judge conducted a lengthy hearing on the voluntariness of the confession, after which the trial judge denied the motion to suppress.[1] At the conclusion of the state's case, defense counsel moved for a directed verdict of acquittal which was denied. Relying solely upon the defense of insufficient evidence, appellant did not testify nor call other witnesses. After deliberation for one hour, the jury returned a verdict of guilty. The sentence advisory hearing was then conducted, after which, the jury returned a recommendation of the death penalty. In support of the death sentence, the trial judge entered the following "Findings in Support of the Verdict:"
"The Court has considered the itemized points for consideration in aggravation and in mitigation set forth in Florida Statute Section 921.141 and has also considered the jury's recommendation of death and has for the reasons set forth in open court at the time of sentencing and now made a part of the record together with the following reasons, exercised its discretion, and notwithstanding the recommendation of a majority of the jury, has imposed a sentence of death upon the defendant.
"The defendant has a lengthy history of violence of an extremely serious nature which has been demonstrated by the defendant having been charged on a previous occasion with Assault with Intent to Commit a Felony and having been allowed to plead guilty to the lesser included offense of Aggravated Assault, and having also been charged on a prior occasion with Aggravated Assault and allowed to plead guilty to a lesser included offense in that instance, and having also demonstrated his viciousness and callous indifference to human life when he assaulted Officer Ferguson with the Officer's own pistol at the time of his arrest for the charges in this case, at which time he shot the police officer three times, the last time while the Officer was on his knees begging not to be shot any more. The facts in this case in themselves are atrocious, horrible and cruel almost beyond belief. The defendant has clearly demonstrated that he cannot live in a civilized society in a trustworthy fashion and shortly after his release from prison committed the act charged in this case. The act herein was for pecuniary gain and for no other motive other than perhaps to eliminate a witness.
"This Court found absolutely nothing of a mitigating nature to prevent this Court from imposing the death penalty.

*432 "It is, therefore, for the above stated reasons and for those reasons stated in open court subsequently transcribed and now attached to these findings, that the death penalty is imposed."
The trial judge, in open court, further described in great detail the reasons for imposing the death penalty which he incorporated by reference in his abovestated findings.
We have listened carefully to oral argument, examined and considered the record in light of the assignments of error and briefs filed, and we have also, pursuant to Rule 6.16(b), Florida Appellate Rules, reviewed the evidence to determine whether the interests of justice require a new trial, with the result that we find no reversible error is made to appear and the evidence in the record before us does not reveal that the ends of justice require that a new trial be awarded. Cf. State v. Dixon, 283 So.2d 1 (Fla. 1973); Alford v. State, 307 So.2d 433 (Fla. 1974); Wilson v. State, 304 So.2d 119 (Fla. 1974); Williams v. State, 228 So.2d 377 (Fla. 1969), and Reddish v. State, 167 So.2d 858 (Fla. 1964).
The jury recommended and the trial judge, upon considering all the mitigating and aggravating circumstances, agreed that the death penalty be imposed for the commission of this atrocious and heinous crime. We find that the judgment and sentence of the lower court in this cause is in accordance with the justice of the cause.
Accordingly, the judgment and sentence of the trial court are hereby affirmed.
It is so ordered.
ADKINS, C.J., ROBERTS, OVERTON and DREW (Retired), JJ., and MELVIN, Circuit Court Judge, concur.
ENGLAND, J., and HENSLEY, Circuit Court Judge, dissent.
NOTES
[1] For modification of McDole v. State, 283 So.2d 553 (Fla. 1973), see: Wilson v. State, 304 So.2d 119 (Fla. 1974).