456 So.2d 466 (1984)
STATE of Florida, Petitioner,
v.
James Dupree HENRY, Respondent.
James Dupree HENRY, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
James Dupree HENRY, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 65866, 65874 to 65876.
Supreme Court of Florida.
September 17, 1984.
*467 Jim Smith, Atty. Gen., George R. Georgieff, Asst. Deputy Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for petitioner/respondent.
Richard L. Jorandby, Public Defender; Craig S. Barnard, Chief Asst. Public Defender; Richard H. Burr III, West Palm Beach, of Counsel; and Michael A. Mello, Asst. Public Defender, Fifteenth Judicial *468 Circuit, West Palm Beach, for respondent/petitioner.
PER CURIAM.
We have before us the state's motion to vacate the stay of execution entered September 13, 1984, in the case of James DuPree Henry v. State, by the Honorable Michael F. Cycmanick, Circuit Judge for the Ninth Judicial Circuit of Florida. Additionally, Henry has filed two petitions for writ of habeas corpus and an application for leave to file a petition for writ of error coram nobis. Jurisdiction is vested in this Court pursuant to article V, sections 3(b)(1), (7) and (9), Florida Constitution. We deny the petitions for writ of habeas corpus and the application for leave to file a petition for writ of error coram nobis. The state's motion to vacate the stay of execution is granted.
Henry was convicted of first degree murder in 1974. The jury recommended and the judge imposed a sentence of death. Both the conviction and the sentence were affirmed on direct appeal. Henry v. State, 328 So.2d 430 (Fla.), cert. denied, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976). Subsequently, Henry sought collateral review pursuant to Florida Rule of Criminal Procedure 3.850, claiming inter alia, ineffective assistance of counsel and unconstitutional application of the death penalty based on a disproportionate incidence of death sentences imposed in Orange County, Florida. The trial court denied relief and this Court affirmed. Henry v. State, 377 So.2d 692 (Fla. 1979).
Henry then sought relief in the federal courts. The United States District Court for the Middle District of Florida granted a petition for habeas corpus unless Henry was afforded a new sentencing proceeding. The United States Court of Appeals for the Fifth Circuit affirmed, holding that an erroneous jury instruction which allowed the jury to consider a non-statutory aggravating factor could not be harmless error. Henry v. Wainwright, 661 F.2d 56 (5th Cir.1981), vacated, 457 U.S. 1114, 102 S.Ct. 2922, 73 L.Ed.2d 1326 (1982). The United States Supreme Court vacated the decision and remanded for consideration of whether failure to comply with state procedural requirements barred federal review on the merits. On remand, the Fifth Circuit found that all state procedural requirements had been met and again affirmed the district court. Henry v. Wainwright, 686 F.2d 311 (5th Cir.1982), vacated, ___ U.S. ___, 103 S.Ct. 3566, 77 L.Ed.2d 1407 (1983). Again the United States Supreme Court vacated and remanded, this time for reconsideration of the harmless error issue in light of Barclay v. Florida, 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983). On remand, the Fifth Circuit reversed the district court finding no viable claim for federal relief on any of the issues raised. Henry v. Wainwright, 721 F.2d 990 (5th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 2374, 80 L.Ed.2d 846 (1984).

I

Motion to Vacate Stay Case No. 65,866
In entering the order staying the execution, the trial court relied on Henry's claim that racial bias affected his sentence and found that the claim was not procedurally barred because the statistical evidence on which Henry based the claim had not been available at the time of the earlier rule 3.850 proceeding. This Court encourages holding evidentiary hearings whenever a colorable issue is raised under rule 3.850. Nonetheless, we find the claim to be only a variation on a theme we have rejected frequently and quite recently. State v. Washington, 453 So.2d 389 (Fla. 1984); Jackson v. State, 452 So.2d 533 (Fla. 1984); Ford v. Wainwright, 451 So.2d 471 (Fla. 1984); Adams v. State, 449 So.2d 819 (Fla. 1984); Sullivan v. State, 441 So.2d 609 (Fla. 1983). On these facts, there is no theory upon which Henry may proceed which would entitle him to relief. Therefore the motion for stay should not have been granted.
Because we have had to consider the merits of this case as though every fact *469 alleged had been proved in Henry's favor and find that even so, no relief is warranted, and because of the time constraints facing Henry in pursuing any federal relief, we dispense with the procedural formality of directing the trial court to enter an order in the state's favor, and deny Henry's motion for relief pursuant to rule 3.850. The motion to vacate the stay is hereby granted.

II

Petition for Writ of Habeas Corpus Case No. 65,874
Henry petitions for a writ of habeas corpus on grounds that this Court had access to material not properly part of the record at the time we considered his direct appeal. This issue was raised in Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). Although Henry was not one of the original petitioners in Brown, he makes no showing that his claim is in any way different from those disposed of there. See, e.g., Ford v. Strickland, 696 F.2d 804 (11th Cir.), cert. denied, ___ U.S. ___, 104 S.Ct. 201, 78 L.Ed 2d 176 (1983).
The petition for writ of habeas corpus is denied.

III

Petition for Writ of Habeas Corpus Case No. 65,875
Henry challenges the legality of his sentence on grounds that the Court failed to make a recitation in its opinion affirming the conviction and sentence on direct appeal that it had conducted a proportionality review.
We note that proportionality review is not a requirement of the federal constitution, Pulley v. Harris, ___ U.S. ___, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984), but rather a feature of state law, Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Thus, the parameters of that duty are set forth in our cases interpreting that duty. Henry acknowledges as much by citing Sullivan v. State, 441 So.2d 609 (Fla. 1983), for the proposition that the fact that Henry's trial occurred fairly soon after the reinstitution of the death penalty in Florida does not invalidate the sentence for lack of proportionality review. In Messer v. State, 439 So.2d 875 (Fla. 1983), this Court rejected the argument that proportionality review had to occur expressly in the opinion of the Court.
Henry's claim of lack of due process arising therefrom misconceives the nature of proportionality review. Henry contends that the Court violates the teaching of Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), by limiting its proportionality review to statutory mitigating factors, thus failing to achieve "factual proportionality" in sentencing. This assumes that we could substitute our judgment for that of the trial court and make findings of fact from a cold record which differed from those set forth in the sentencing order. That is not the function of this or any other appellate court in this state. Absent demonstrable legal error, this Court accepts those aggravating factors and mitigating circumstances found by the trial court as the basis for proportionality review. These factors are generally set forth and discussed in the opinion of the Court. Henry fails to show how he has been denied due process by any perceived lack of discussion of the sentencing order set forth at 328 So.2d at 431.
Accordingly, the petition for writ of habeas corpus is denied.

IV

Application for Leave to File Petition for Writ of Error Coram Nobis Case No. 65,876
Henry bases this application on claimed recently discovered evidence of organic brain damage and emotional and intellectual impairment. These diagnoses *470 were allegedly made possible only by advances in medical science made after Henry's conviction and sentence. Thus, Henry contends the evidence fulfills the first three requirements for writ of error coram nobis: 1) The evidence is genuinely new, not merely a new interpretation of formerly known evidence. 2) The evidence was not known by the trial court, the party or counsel at time of trial. 3) The evidence could not have been discovered by use of due diligence. Hallman v. State, 371 So.2d 482 (Fla. 1979). But the evidence fails to meet the fourth requirement: That the evidence would conclusively have prevented the entry of the judgment. Id. Henry's position is that failure to admit this evidence, had it been available, would have been an error of sufficient magnitude to warrant a new sentencing trial; nonetheless, we find the standard for writ of error coram nobis more stringent. We cannot say that, had this evidence been before the jury, it would have conclusively precluded entry of a sentence of death. See Riley v. State, 433 So.2d 976 (Fla. 1983).
The application for leave to file a petition for writ of error coram nobis is denied.
Because of the exigency of the case, no petitions for rehearing will be entertained.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
OVERTON, Justice, concurring in part, dissenting in part.
I concur with the majority's opinion, except that part which vacates the stay granted by the trial judge. In order to provide sufficient time to hold an evidentiary hearing on the petitioner's 3.850 motion, the trial judge entered this stay. The trial judge has not as yet ruled on the merits of this cause and, in setting an evidentiary hearing, properly complied with procedural and case law requirements of a 3.850 proceeding.
The state has brought this cause to us in the nature of an interlocutory appeal from the trial judge's decision to hold an evidentiary hearing. In my view, the majority's opinion opens the door to a type of interlocutory appeal that this Court has never authorized by rule. This holding creates a set of rules for death penalty cases that are different from the rules applied to all other criminal cases. It has confused the rules and procedures to be followed by trial courts and the proper method for review of those decisions by the appellate courts of this state. I am most concerned about the procedural precedent that we are setting in this cause.
I conclude that the trial judge did not abuse his discretion and should be afforded an opportunity to rule on the merits of this cause, and I find that we have no jurisdiction to consider this cause on the merits.