494 So.2d 957 (1986)
STATE of Florida, Appellant,
v.
William Thomas ZEIGLER, Jr., Appellee.
William Thomas ZEIGLER, Jr., Petitioner,
v.
STATE of Florida, Respondent.
Nos. 68774, 68765.
Supreme Court of Florida.
May 19, 1986.
Rehearing Denied October 22, 1986.
H. Vernon Davids of H. Vernon Davids, P.A., Englewood, and Larry Helm Spalding, Capital Collateral Representative, Mark E. Olive, Litigation Coordinator, Steven H. Malone, Senior Asst. Capital Collateral Representative and David A. Reiser, Asst. Capital Collateral Representative, Office of the Capital Collateral Representative, Tallahassee, for petitioner/appellee.
Jim Smith, Atty. Gen. and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for respondent/appellant.
PER CURIAM.
William Thomas Zeigler, under a sentence of death, filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 seeking vacation of his convictions on four counts of murder and the death sentences imposed therefor. On May 18, 1986, the circuit court granted a stay of the execution scheduled for May 20, 1986, to afford it an opportunity to hold an evidentiary hearing on one claim of the 3.850 motion. The state has appealed that ruling and has filed a motion to vacate the stay. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. See State v. Henry, 456 So.2d 466 (Fla. 1984). We reverse that part of the order of the trial court granting a 3.850 evidentiary hearing, deny Zeigler all 3.850 relief, and grant the state's motion to vacate the stay. Zeigler also applies for a writ of error coram nobis, which we deny.
Zeigler was convicted of two counts of first-degree and two counts of second-degree murder in July, 1976. The jury recommended life sentences for the two first-degree murder convictions; the trial judge, however, imposed two death sentences. The convictions and sentences were affirmed by this Court upon appeal. Zeigler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982).
Zeigler subsequently sought collateral review pursuant to Florida Rule of Criminal Procedure 3.850, alleging nineteen separate *958 grounds for relief, including "that the trial judge improperly limited consideration of mitigating circumstances to those enumerated in the statute," and "that because of an ambiguity in the scope of mitigating circumstances, persons sentenced prior to July 3, 1978, were deprived of a fully individualized sentence determination." Zeigler v. State, 452 So.2d 537, 539 (Fla. 1984). We denied relief on those grounds because they could have been raised on direct appeal. We addressed the claims that he had received ineffective assistance of counsel and that his due process rights had been violated by the trial judge's bias. We rejected the former, but remanded for an evidentiary hearing on the latter claim. Upon remand, the trial court found the allegations of bias unsupported by fact, and we affirmed. Zeigler v. State, 473 So.2d 203 (Fla. 1985).
In the instant 3.850 petition, Zeigler claims that (1) the sentencing decision violated the eighth amendment as construed in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), and subsequent rulings; (2) as a result of serious prejudicial jury misconduct involving racial bias and coercion Zeigler was denied the right to a fair trial by an impartial jury as guaranteed by the sixth and fourteenth amendments; (3) the death sentences imposed upon Zeigler were based upon unconstitutional aggravating circumstances which fundamentally distorted the sentencing process in violation of the eighth and fourteenth amendments; (4) the state suppressed exculpatory evidence in violation of the eighth and fourteenth amendments; (5) the trial court imposed a sentence of death notwithstanding the jury's recommendation on the basis of a "presumption" that death was appropriate if one aggravating circumstance was approved, in violation of Tedder v. State, 322 So.2d 908 (Fla. 1975); article I, sections 16 and 22, of the Florida Constitution; and the eighth and fourteenth amendments to the United States Constitution. The trial court denied relief on claims 2, 3, 4 and 5, but determined that Zeigler's first claim, concerning restrictions on presentation of nonstatutory mitigating factors, required an evidentiary hearing. In establishing this claim, Zeigler contends that his counsel did not call character witnesses because the trial judge told the attorneys that the sentencing phase would be limited to evidence related exclusively to statutory a and mitigating circumstances. He argues that our decision in Harvard v. State, 486 So.2d 537 (Fla. 1986), held that a defendant under sentence of death is entitled to a new sentencing proceeding when the sentencing judge limits his consideration of mitigating circumstances to those enumerated in the statute, and that such relief may be properly granted in a successive 3.850 proceeding. Zeigler argues that Harvard and the Eleventh Circuit's decision in Songer v. Wainwright, 769 F.2d 1488 (11th Cir.1985) (en banc), mandate relief in this proceeding.
We reject this argument and find that neither Harvard nor Songer controls under the circumstances of this case. We find it is clear that this issue has been presented and rejected in the first 3.850 petition, where we noted that the claims could and should have been raised on direct appeal. We note that the appellant's brief in the original appeal of this case was filed after the United States Supreme Court's decision in Lockett.
Our Harvard decision is not controlling and is clearly distinguishable because, in that decision, the trial judge expressly stated in the record in the 3.850 proceeding that he did not consider nonstatutory mitigating circumstances in imposing the death sentence. No such statement is in the record in this proceeding. Further, non-statutory mitigating evidence was presented by Zeigler to the jury through two witnesses, a church pastor and a psychiatrist. We conclude that the factual circumstances in this case make it more similar to the post-conviction relief proceedings in Hitchcock v. State, 432 So.2d 42 (Fla. 1983) and Hitchcock v. Wainwright, 770 F.2d 1514 (11th Cir.1985), in which this Court and the Eleventh Circuit denied relief, than Harvard.
*959 We conclude that this is a successive petition, and that the record conclusively requires a denial of relief. Our decision in Harvard neither mandates nor allows an evidentiary hearing to reconsider the issue. In so holding, we do not criticize the trial judge for directing an evidentiary hearing in this matter. We have expressly encouraged trial judges to hold such hearings in 3.850 proceedings.
Zeigler has also applied for leave to file a petition for writ of error coram nobis. This application is denied. See Riley v. State, 433 So.2d 976 (Fla. 1983); Hallman v. State, 371 So.2d 482 (Fla. 1979).
For the reasons expressed, we grant the state's motion to vacate the stay of execution and deny Zeigler's motion for relief under rule 3.850. Because of the exigency of the case, no petitions for rehearing will be allowed.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
The defendant filed a motion for relief in the trial court pursuant to Rule of Criminal Procedure 3.850. The trial court granted an evidentiary hearing and granted a stay in order to permit time for the hearing. The state has moved to vacate the stay granted by the trial judge. I have difficulty in understanding the jurisdictional basis for the state's appeal.
We have repeatedly held that the state's authority to appeal orders in criminal cases is purely statutory. State v. Palmore, 495 So.2d 1170 (Fla. 1986); State v. Creighton, 469 So.2d 735 (Fla. 1985); Fla.R.App.P. 9.140. No Florida statute authorizes the state to appeal from an order granting an evidentiary hearing pursuant to a 3.850 motion. The only authority which the state offers to support its right to bring this appeal is the case of State v. Henry, 456 So.2d 466 (Fla. 1984), wherein this Court permitted the state to file a motion to vacate a stay of execution which was entered by the trial judge in conjunction with an order granting an evidentiary hearing. Although, technically, this Court, as in Henry, has in actuality only reversed the trial court's grant of a stay of execution, it, of course, renders moot the evidentiary hearing ordered by the trial judge. This is nothing more than an indirect method of permitting an appeal from the granting of a 3.850 hearing. I respectfully suggest that if this Court had been faced with the same issue sans the time constraints artificially imposed upon itself because of the imminence of the execution,[1] the result mandated by a careful analysis would have been different.
There is no question that if this were not a death case, the state would be unable to appeal. The only thing that makes this trial court's order appealable is the imminence of the death penalty. However, every court that has written on this subject mandates that, "because the death penalty, unlike other punishments, is permanent and irrevocable," we should afford those cases even greater care. Proffitt v. Wainwright, 685 F.2d 1227, 1253 (1982) (and cases cited therein), cert. denied, 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983). See also Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978). Indeed, it is the application of that extreme care which permits these statutes to pass constitutional muster. See Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977). The irony of this case, as in Henry, is that the imposition of the death penalty has resulted in the diminution of the rights afforded other criminal defendants. The state cannot *960 appeal the granting of 3.850 relief[2] unless it's a death case.(?)
I do recognize that we must have an end to litigation and that we should not permit the application of the law to be thwarted. I cannot, however, subscribe to a method which breaks one rule to save another.
Moreover, even under Henry, in order to consider the state's motion to vacate the stay, we must take as true every allegation Ziegler makes. We must therefore accept the proposition that the trial judge prevented defense counsel from presenting all of his non-statutory evidence because the judge believed that he could only consider the statutory mitigating factors. How then, can we rule that "even so no relief is warranted"? (Henry, 456 So.2d at 469.)[3]
Accordingly, I would deny the state's motion to vacate the stay granted by the trial judge.
I would additionally grant the stay accompanying the petition for the Writ of Error Coram Nobis. I agree with Justice Overton in his dissents to Hallman v. State, 371 So.2d 482 (Fla. 1979), and Riley v. State, 433 So.2d 976 (Fla. 1983), which reject the "conclusiveness test" in death cases. I would permit the application of the "probability test" enunciated in Florida Rule of Criminal Procedure 3.600(a)(3). I cannot say, however, that the "newly discovered evidence" presented in the defendant's petition for a Writ of Error Coram Nobis meets either the probability or the conclusiveness test. In light of an initial vote by the jury in this circumstantial evidence case of six jurors to acquit and six to convict, the allegation of newly discovered evidence warrants a careful review of the record. Such a review and evaluation of the record is not possible by tomorrow morning when the execution is to occur. Consequently, I would reserve judgment on the petition and grant the stay.
NOTES
[1] The order which was the subject of the Henry appeal was entered by the trial judge on September 13, 1984. Four days later on September 17, 1984, the decision of this Court in Henry was rendered. In the same four-day period, this Court also considered the additional motions for Habeas Corpus and for permission to file a petition for a Writ of Error Coram Nobis, filed by the defendant on September 14, 1984.
[2] Rule. 3.850 mandates an evidentiary hearing unless the motion, files, and records conclusively show that the defendant is entitled to no relief. State v. Crews, 477 So.2d 984, 984-85 (Fla. 1985); O'Callaghan v. State, 461 So.2d 1354, 1355 (Fla. 1984).
[3] The defendant alleges in his motion that he was precluded from calling witnesses at the sentencing phase. The defendant's motion states: "The defense did not call these witnesses solely because the trial judge told them that the sentencing phase would be limited to evidence related exclusively to the statutory aggravating and mitigating circumstances. (Affidavit of Ralph v. Hadley, App. 30; Affidavit of H. Vernon Davids, App. 31)."