494 So.2d 489 (1986)
Roy Allen STEWART, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
No. 69338.
Supreme Court of Florida.
September 25, 1986.
*490 Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, Miami, and Robin H. Greene, Spec. Asst. Public Defender, Coral Gables, for petitioner.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondents.
PER CURIAM.
Stewart, a state prisoner under sentence of death for whom a second death warrant has been signed, petitions this Court for a writ of habeas corpus and requests a stay of execution.[*] We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. Stewart claims that the death penalty is imposed in Florida in a racially discriminatory manner. Because the United States Supreme Court has granted review in two cases which present the same issue (McCleskey v. Kemp, ___ U.S. ___, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986), Hitchcock v. Wainwright, 90 L.Ed.2d 976, 106 S.Ct. 2888, 90 L.Ed.2d 976 (1986)), Stewart claims that we should reconsider our previous rulings on this matter or, at least, hold this case pending resolution of McCleskey and Hitchcock.
In his petition Stewart states that the instant claim "is not cognizable in the trial court in post-conviction proceedings," citing State v. Henry, 456 So.2d 466 (Fla. 1984). This is a misreading of Henry, wherein we held that Henry had not presented a colorable claim, not that he had not presented a cognizable claim. We have consistently held that a claim of arbitrary and capricious imposition of the death penalty because of racial discrimination should be presented in a motion for post-conviction relief. E.g., Smith v. State, 457 So.2d 1380 (Fla. 1984); Meeks v. State, 382 So.2d 673 (Fla. 1980); Henry v. State, 377 So.2d 692 (Fla. 1979). Moreover, we have specifically held that such a claim cannot be raised for the first time in a habeas corpus proceeding. Ford v. Wainwright, 451 So.2d 471 (Fla. 1984). Stewart did not raise this claim in his previous 3.850 motion, and he is procedurally barred from raising it in this petition. The petition for habeas corpus, therefore, is denied as is the requested stay of execution.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which BOYD, J., concurs.
BARKETT, Justice, concurring specially.
I agree that a challenge to the constitutionality of the death penalty statute on grounds that it is being systematically applied in a racially discriminatory manner should be presented in a motion for post-conviction relief rather than by way of habeas corpus. This is the appropriate means to place the issue before the fact finder to determine the validity of the allegations that the death penalty is being arbitrarily and capriciously imposed.
BOYD, J., concurs.
NOTES
[*] We previously affirmed Stewart's convictions and sentences, Stewart v. State, 420 So.2d 862 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983), and affirmed the trial court's denial of Stewart's Fla.R.Crim.P. 3.850 motion filed after the signing of his first death warrant. Stewart v. State, 481 So.2d 1210 (Fla. 1985).