PER CURIAM.
No reversible error having been demonstrated, appellant’s conviction of first degree murder is affirmed.
The trial court’s order, which denied appellant’s motion for new trial on the ground (among others) of newly discovered evidence, stated that the test to be applied to the new evidence was whether it would have “conclusively prevented the entry of judgment”, citing as authority State v. Henry, 456 So.2d 466 (Fla.1984). The cited case, and the standard quoted, refers to writ of error coram nobis. Florida Rules of Criminal Procedure, 3.600(a)(3), requires only (as concerns sufficiency) that the new evidence “would probably have changed the verdict”. Notwithstanding the trial court’s application of an erroneous and higher test, the error is not a cause for reversal in view of the trial court’s finding that “the most that can be said about this new evidence is that it may have changed the verdict”, a qualitative standard which falls short of that required by the rule.
AFFIRMED.
HERSEY, C.J., STONE, J., and OWEN, WILLIAM C., JR., (Retired), Associate Judge, concur.